IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MARTIN F. SALAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-110 |
| | ) | |
| CHUCK SCHUMER et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 8, 2025, Plaintiff paid the full filing fee to bring this case against all members of Congress "because of a Congressional misconduct and dereliction of duties, and wrongful deprivation of Plaintiff's property." (Doc. no. 1, p. 2.) Although in the normal course of business, the case would be ready to proceed with Plaintiff effecting service of process under Federal Rule of Civil Procedure 4, the Court must first address whether it has jurisdiction to hear the case. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."); Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974 (11th Cir. 2005) ("Standing is a doctrine that 'stems directly from Article III's 'case or controversy' requirement," and thus it "implicates our subject matter jurisdiction." (citations omitted)). As Plaintiff has not shown he has standing to pursue the federal claims in his complaint, this case should be dismissed and closed.

I.  **Background**

Pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343, Plaintiff seeks unspecified monetary damages because Congress failed "to adhere to the Law, the Constitution and/or the will of 'We the People' " by depriving Plaintiff of unspecified "Life, liberty and property" when it failed to act as a fiduciary of "the people monies, Life and Liberty." (Id. at 2, 4.) According to Plaintiff, "the Overwhelming Majority of 'We The People' of the United States . . . 'mandate[d]' that Donald J. Trump act on our behalf as President of these United States," but Congress has not faithfully carried out that mandate and has instead committed "theft." (Id. at 5.) Congress has "rais[ed] barricades and attempt[ed] to insight a revolution among the people by spreading misinformation, or twisting the facts as they are to fit a narrative to simply undermine the Mandate of 'We The People.' " (Id. at 6.) The injuries incurred by Plaintiff "are too enormous to list individually, However, through the discovery process," Plaintiff expects to expose "the full extent of the Corruption, dereliction of duty" and other injuries. (Id.) Plaintiff alleges all members of Congress violated his Fourth, Fifth, and Fourteenth Amendments by failing to uphold their constitutionally mandated duties, and he claims to bring two, unidentified state law claims pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. (Id. at 2, 4-5.)

II.  **Discussion**

  A.  **Standing As Threshold Jurisdictional Question**

"[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001). Federal

2

courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings. Goodman *ex rel*. Goodman v. Sipos, 259 F.3d 1327, 1331 n.6 (11th Cir. 2001).

Furthermore, as United States District Judge J. Randal Hall has explained:

> "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Bochese, 405 F.3d at 974; see also Austin & Laurato, P.A. v. U.S., 539 F. App'x 957, 960 (11th Cir. 2013) ("An essential prerequisite to a federal court's power to entertain a suit is an Article III case or controversy"), *cert. denied*, 571 U.S. 1201 (2014). "In the absence of standing, a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." Bochese, 405 F.3d at 974.

Swanson v. Raffensperger, No. CV 122-152, 2023 WL 3485268, at *1 (S.D. Ga. May 16, 2023), *aff'd sub nom.* Swanson v. Sec'y of State, No. 23-11738, 2024 WL 80577 (11th Cir. Jan. 8, 2024), *cert. denied sub nom.* Swanson v. Raffensperger, 144 S. Ct. 1064, 218 L. Ed. 2d 244 (2024). Moreover, as Plaintiff is the party invoking federal jurisdiction here, he bears the burden of establishing standing. Id. at *2 (citation omitted).

Article III on the United States Constitution extends "[t]he judicial power of the United States' . . . only to 'Cases' and 'Controversies,' " and there are three requirements for such Article III standing: "the plaintiff must allege that he suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; that injury must be 'fairly traceable to the challenged action of the defendant'; and it must be 'likely . . . that the injury will be redressed by a favorable decision.' " Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1268 (11th Cir. 2019) (citation omitted).

### B.   Plaintiff Does Not Have Constitutional Standing, and Thus, There Is No Federal Jurisdiction

Plaintiff fails to allege a concrete injury sufficient to show he has standing to pursue this case, and thus he fails to show there is federal jurisdiction to hear the case.

> "A 'concrete' injury must be '*de facto*' – that is, it must be 'real, and not abstract.' " Trichell v. Midland Credit Mgmt., Inc., 964 F.3d 990, 996 (11th Cir. 2020) (citation omitted). "[A] plaintiff seeking relief in federal court must . . . [have] a personal stake in the outcome . . . distinct from a generally available grievance about government." Gill v. Whitford, 138 S. Ct. 1916, 1923 (2018) (internal quotation marks and citation omitted).

Swanson, 2023 WL 3485268, at *2; see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (explaining "irreducible constitutional minimum of standing" requires alleging, *inter alia*, injury that is invasion of a concrete and particularized, legally-protected interest that is "actual or imminent, not 'conjectural' or 'hypothetical,' " and it is "likely," not merely "speculative" a favorable decision will redress the concrete injury alleged).

Here, although Plaintiff alleges in conclusory fashion that his injuries "are too enormous to list individually," he has not listed even one concrete injury. In fact, he concedes he needs discovery to reveal the alleged wrong-doing by Congress. Far from alleging a personal stake in the outcome of the case, Plaintiff simply attempts to raise a general grievance about the government and its operations. This will not suffice, and the case should be dismissed. See Gill v. Whitford, 585 U.S. 48, 54 (2018); Lujan, 504 U.S. at 573-74 ("We have consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy."); see also Wood v. Raffensperger, 501 F. Supp.3d 1310, 1321 (N.D. Ga. 2020) ("Our refusal to serve as a forum for generalized grievances has a lengthy pedigree. . . . [A] generalized grievance that is plainly undifferentiated and common to all members of the public" is not sufficient for standing. (citing Lance v. Coffman, 549 U.S. 437, 440-41 (2007)).

### C.    Any Potential State Law Claim Should Be Dismissed Without Prejudice

Although Plaintiff has not identified what his state law claims might be, to the extent he has any such claims, they should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court.  Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." Id. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . .  A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . .  We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

5

Here, the Court has determined that there is no federal subject matter jurisdiction. Thus, the Court concludes the federal courts do not retain jurisdiction over any potential state law claims, and any such claims should be dismissed without prejudice. <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well.").

### III.    Conclusion

The Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** based on lack of federal subject-matter jurisdiction, any potential state law claims be **DISMISSED WITHOUT PREJUDICE**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of May, 2025, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA